

The Business Court of Texas
Eleventh Division

| | |
|---|---|
| ISAAC ARNOLD, JR., ALISON R. BAUMANN, HUGH R. MARSHALL, CARROLL R. RAY, LILLIE ROBERTSON, CORBIN J. ROBERTSON, JR., WILHELMINA E. ROBERTSON, CHAMPION TRAYLOR III, WILHELMINA B. TRAYLOR, ROBERT BARNHART, AS TRUSTEE OF THE ROBERT J. BARNHART REVOCABLE TRUST, LEGACY TRUST COMPANY, N.A., AS TRUSTEE OF THE DOUGLAS B. MARSHALL JR. NON-EXEMPT TRUST FOR DOUGLAS B. MARSHALL III, JOSEPH A. SCOTT, RUSSELL SCOTT III, ALEXANDER I. WRIGHT AND RICHARD E. MONROE, JR., AS CO-TRUSTEES OF THE ALEXANDER I. WRIGHT 2006 GST TRUST, EMILY C.J. SIMMONS AND RICHARD E. MONROE, AS CO-TRUSTEES OF THE EMILY C.J. SIMMONS 2006 GST TRUST, HANNAH C. SIMMONS AND RICHARD E. MONROE JR., AS CO-TRUSTEES OF THE HANNAH C. SIMMONS 2006 GST TRUST, AND ANDREW C. SCOTT, AS TRUSTEE OF THE ANDREW C. SCOTT 2006 GST TRUST<br>*Plaintiffs*<br>v.<br>BLUE RIDGE LANDFILL TX, LP D/B/A BLUE RIDGE LANDFILL<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>           Cause No. 24-BC11A-0024 |

## MEMORANDUM OPINION AND ORDER

¶1	Before the court is Defendant Blue Ridge Landfill TX, LP's Traditional Motion for Summary Judgment. Having considered all parties' briefing, their arguments at the hearing held on October 2, 2025, and the relevant law, the court denies the motion.

### Factual Background

¶2	This suit concerns royalty payments from Blue Ridge's landfill in Fort Bend County. The parties agree the dispute hinges on a contract that entitles Plaintiffs to royalties equal to five percent of the landfill's Gate Revenues:

> 1.	As additional consideration for the Property and not as creation of a partnership, association or joint venture, Purchaser shall pay to Seller five percent (5%) of the Gate Revenues received by Purchaser from operation of a sanitary landfill on the Property ("Additional Payments").	The phrase "Gate Revenues" means the revenues actually received by Purchaser for final disposal of solid waste in the sanitary landfill operated on the Property, less any charge required to be collected at the sanitary landfill by Purchaser,	...

¶3	"Gate Revenues" is the critical term, and it is defined: "revenues actually received by Purchaser for final disposal of solid waste in the sanitary landfill operated on the Property," less certain charges. Mot. Ex. 1. All parties agree "the Property" is a specified 598.583 acres in Fort Bend County, known as the Bessie West Property.

¶4	Decades after the contract's execution, the landfill expanded its footprint beyond the Property, adding acreage known as the Adjacent Tract. Mot. at 3. Initially, Plaintiffs were paid royalties for waste the landfill disposed across both tracts of land. *Id.* at 4. Years later, Blue Ridge notified Plaintiffs it would no longer

pay for waste deposited on the Adjacent Tract. Resp. at 6. In response, Plaintiffs sued for breach of contract and declaratory judgment. Blue Ridge moves for summary judgment on both claims.

**Legal Standard**

¶5      "A party that moves for traditional summary judgment must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). The court takes as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.*

¶6      The court interprets contract language according to its "plain, grammatical, and ordinary meaning unless doing so would clearly defeat the parties' intentions or the instrument shows the parties used the terms in a different or technical sense." *Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC*, 639 S.W.3d 682, 690 (Tex. 2022) (internal quotations omitted).

**Analysis**

¶7      The parties' arguments are thorough and appropriately narrow. Both sides correctly focus on the key clause in the *Gate Revenue* definition—"final disposal of solid waste in the sanitary landfill operated on the Property." Waste deposited onto the Adjacent Tract may not be *disposed of* on the Property. But Plaintiffs present evidence that waste deposited on the Adjacent Tract is, indeed, disposed of in the *landfill operating* on the Property. Plaintiffs' evidence shows that the landfill is

licensed under one permit and performs operations on the original Property—whether it ultimately deposits the waste onto the Property or onto the Adjacent Tract. Resp. Exs. G at 7, I, J; *see* Mot. at 4. For example, waste deposited onto the Adjacent Tract enters the landfill through the Property. *Id.* The Property is where the entry gate and scalehouse are located, where all waste is weighed and pricing assessed. *Id.; see also* Def.'s Resp. Opposing Mot. to Continue at 6. Blue Ridge does not contradict these points and concedes these operations across both tracts of land are a single business enterprise.

¶8      The court "cannot rewrite the parties' contract or add to or subtract from its language." *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 242 (Tex. 2016). To conclude that waste accepted by the landfill does not generate Gate Revenue simply because it is deposited onto the Adjacent Tract, the court must subtract words from the definition, as follows: "final disposal of solid waste ~~in the sanitary landfill operated~~ on the Property." *See, e.g.*, Mot. at 2, 4, 5, 7, 9. The definition also places the qualifying term "on the Property" nearer to the word *operated* than to *disposal*, a grammatical structure requiring landfill operations—not the waste disposal—to occur on the Property. *See Zachry Constr. Corp. v. Port of Hous. Auth.*, 449 S.W.3d 98, 107 (Tex. 2014) ("As a rule, a modifier like the last 'subject to' phrase . . . applies to the nearest reasonable referent"); *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 185 (Tex. 2012) ("a qualifying phrase should be applied only to the portion of the sentence 'immediately preceding it.'").

¶9      Blue Ridge fails to conclusively disprove that the waste it deposits onto the Adjacent Tract generates Gate Revenue. Reading the contract's plain language on this record, the disputed waste's disposal is the "final disposal of solid waste in the sanitary landfill operated on the Property." The court reaches this conclusion based on the contract's plain and grammatical meaning, without resorting to Plaintiff's extrinsic evidence concerning the parties' course of conduct or the original parties' subjective intent in executing the Letter Agreement. *See Nettye Engler Energy*, 639 S.W.3d at 690.

### Conclusion and Order

¶10     Blue Ridge has not met its summary-judgment burden as to Plaintiffs' breach-of-contract and declaratory judgment claims. For these reasons, Blue Ridge's Motion for Summary Judgment is DENIED.

SO ORDERED.

_____
STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division, *sitting by assignment in the Eleventh Division*

SIGNED ON: October 7, 2025